UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01089-DOC-ADS            Date: August 6, 2020

Title: POPA FEDERAL CREDIT UNION v. VINCE SIERRA ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman for Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE AND SANCTIONING DEFENDANTS**

    This action arises out of an unlawful detainer action initiated in Orange County Superior Court. Defendants Vince and Nancy Sierra ("Defendants") previously removed the case to this Court on March 10, 2020, as Case No. 8:20-cv-00481-DOC-ADS. Because an unlawful detainer is a state court action, and because no other basis for federal jurisdiction appeared on the face of the well-pleaded complaint, the Court remanded the case to state court on May 5, 2020. Now, Defendants have once again removed the exact same case with the exact same complaint to this Court. As such, removal remains improper and the Court REMANDS this action to state court.

    The Court also finds that sanctions are a necessary and appropriate response to Defendants' conduct in this litigation. Defendants' first removal was filed just one day before the state court trial was scheduled to begin on March 11, 2020. After the first removal, the state court continued the trial to June 17, 2020—but at that time, Defendants claimed to have filed their second removal on June 16, 2020 (though the Court did not receive this filing until June 19, 2020). It is evident that Defendants are using a series of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01089-DOC-ADS                                                          Date: August 6, 2020
                                                                                                                     Page 2

frivolous removals as a dilatory tactic, forestalling any resolution of this case and clogging the dockets of the federal and state courts.

      The Court's inherent power to assess sanctions requires a showing that a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (recognizing inherent power of courts to impose appropriate sanctions where conduct disrupts judicial process). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44.

      As discussed above, Defendants' conduct in this litigation exhibits a clear pattern of vexatiously removing the case on the eve of trial, forcing the state court to continue its proceedings. Furthermore, because the Court had already remanded this action once for lack of jurisdiction, Defendants were on unambiguous notice that this case cannot proceed in federal court and that removal was improper. Defendants, undeterred, filed their second removal all the same. To discourage Defendants from attempting this frivolous stunt a third time and further delaying trial in the state court, the Court finds appropriate a sanction in the amount of $1000, which shall be paid to the clerk of court on or before Friday, August 21, 2020.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                              Initials of Deputy Clerk: djl
CIVIL-GEN